UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNDELL LAND AND LIVESTOCK COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE GEOFFREY KENEFICK; UNITED STATES OF AMERICA; ASSET ACCEPTANCE, LLC; STATE OF CALIFORNIA FRANCHISE TAX BOARD; and All Persons Unknown Claiming any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title Thereto, or any Cloud on Plaintiff's Title Thereto, <br><br> Defendants. | No. 2:14-cv-0618-KJM-EFB <br><br><br> ORDER |

On June 10, 2014, plaintiff Mundell Land and Livestock Company, Inc. filed a motion for entry of default judgment against defendants George Geoffrey Kenefrick, Asset Acceptance, LLC, and State of California Franchise Tax Board ("defendants").[1] Plaintiff noticed the motion for hearing on July 23, 2014. As explained below, the motion for default judgment is deficient. Accordingly, the motion is denied without prejudice and the July 23, 2014 hearing vacated.

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff's application for default judgment amounts to little more than a statement informing the court that defendants are in default and that plaintiff seeks default judgment against defendants pursuant to Federal Rule of Civil Procedure 55(b).  The motion does not address the *Eitel* factors or otherwise explain why default judgment is appropriate in this case. *See* ECF No. 15-1 at 1-2.

Due to this deficiency, plaintiff's application for default judgment is denied without prejudice.  Plaintiff may renew the motion.  In doing so, plaintiff must address the *Eitel* factors and explain why it is entitled to the relief sought. *See Sierra Kiwi, Inc. v. Rui Wen, Inc.*, No. 2:13-cv-1334-LKK-EFB, 2013 WL 5955066 (E.D. Cal. Nov. 7, 2013).

Accordingly, it is hereby ORDERED that:

1. The July 23, 2014 hearing on plaintiff's motion for entry of default judgment is vacated; and

/////
/////
/////

2. Plaintiff's motion for entry of default judgment, ECF No. 15, is denied without prejudice.

DATED: July 11, 2014.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE