1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MUNDELL LAND AND LIVESTOCK            No.  2:14-cv-618-KJM-EFB
     COMPANY, INC.,
12
                    Plaintiff,
13                                          FINDINGS AND RECOMMENDATIONS

14          v.

15   GEORGE GEOFFREY KENEFICK;
     UNITED STATES OF AMERICA;
16   ASSET ACCEPTANCE, LLC; STATE OF
     CALIFORNIA FRANCHISE TAX
17   BOARD,

18                  Defendants.

19

20          This matter was before the court for hearing on plaintiff's motion for default judgment

21   against defendants George Kenefick, Asset Acceptance, LLC, and State of California Franchise

22   Tax Board.[1]  ECF No. 20.  Attorney James Freeman appeared on behalf of plaintiff; no

23   appearances were made by any defendants.  For the reasons stated below, the court finds that

24   plaintiff is entitled to default judgment against George Kenefick, Asset Acceptance, LLC, and

25   State of California Franchise Tax Board.

26   /////

27   ─────────────────────
          [1]  This case was referred to the undersigned pursuant to Eastern District of California
28   Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

                                              1

I.      Background

Through the instant action plaintiff seeks to quiet title to real property located in

Sacramento County.  ECF No. 1 ¶ 1.  The subject property is described as follows:

> The south one-half of the northwest quarter of Section 15, Township 5 North, Range 7 East, M.D.M., described as follows:
>
> Beginning at a point from which a 2-1/2" brass disk, being the common corner for Sections 9 , 10, 16, and 15 T.5N, R.7E., also being the intersection of Borden and Alabama Roads; bears North 0 degrees 47 minutes 59 sections East 1345.66 feet; thence from said point of beginning South 0 degrees 47 minutes 59 seconds West 1345.67 feet along the West line of Section 15, also being the centerline of Alabama Road to the West quarter corner of said Section 15; thence North 89 degrees 29 minutes 53 seconds East 2645.28 feet to the center of Section 15; thence North 0 degrees 42 minutes 23 seconds East 1337.53 feet; thence South 89 degrees 40 minutes 20 seconds West 2642.93 feet to the point of beginning, and also described in that certain lot line adjustment recorded April 23, 1996, in Book 960423 Page 1132, Official Records.
>
> APN: 152-0100-092

*Id*. ¶ 3.

The property was previously owned by George Kenefick.  *Id*. ¶ 4.  International Credit

Recovery, Inc. dba ICR ("ICR") obtained a judgment against Mr. Kenefick, and recorded an

Abstract of Judgment on November 6, 2008, in the Sacramento County Official Records.  *Id*.  On

March 28, 2011, ICR assigned its judgment to plaintiff.  *Id*. ¶ 5.  Plaintiff subsequently caused a

writ of execution to be issued and levied upon the property.  *Id*.  On November 9, 2011, the

Sacramento County Sheriff conducted an execution sale, and plaintiff was the highest bidder.  *Id*.

¶ 6.  The Sheriff executed and delivered a Sheriff's deed to the subject property to plaintiff.  *Id*.

The Sherriff's deed was recorded on November 15, 2011.  *Id*. ¶ 7.  Plaintiff now claims that it is

the sole owner of the fee simple title of the subject property.  *Id*.

Plaintiff seeks to quiet title against George Kenefick; State of California Franchise Tax

Board, which has two liens against the subject property that were recorded on January 29, 2007

and November 22, 2011; the United States of America, which has a tax lien that was recorded on

June 2, 2010; and Asset Acceptance, LLC, which has an Abstract of Judgment that was recorded

on September 1, 2010.  *Id*.

1    Plaintiff served the United States and State of California Franchise Tax Board by personal

2    service on March 11, 2014.  ECF No. 5, 6, 7.  Plaintiff served defendant Asset Acceptance, LLC,

3    by personal service on March 20, 2014.  ECF No. 9.  Defendant Kenefick completed a waiver of

4    service of summons, which was filed on April 1, 2014.  ECF No. 10.

5    On June 3, 2014, the United States filed an answer and counterclaim.  ECF No. 12.  The

6    counterclaim seeks to foreclose a federal tax lien attached to the subject property.  *Id*. at 3-7.  The

7    United States contends that it was never provided notice of the execution sale pursuant to 26

8    U.S.C. § 7425.

9    On June 9, 2014, plaintiff requested entry of default for George Kenefick, State of

10   California Franchise Tax Board, and Asset Acceptance, LLC.  ECF No. 13.  The Clerk entered

11   those defendants' default on June 10, 2014.  ECF No. 14.  On July 15, 2014, plaintiff filed the

12   instant motion for default judgment, and noticed the motion for hearing on August 20, 2014.[2]

13   The United States of America, although it has appeared in this action, failed to file an opposition

14   or statement of non-opposition to the motion for default judgment in violation of local rule

15   230(c).  The United States also did not appear at the August 20 hearing.

16   II.    Legal Standard

17   Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

18   against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

19   against the action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

20   automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*,

21   238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25

22   (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies

23   within the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

24   1980).  In making this determination, the court considers the following factors:

25   /////

26

27   [2] Plaintiff initially moved for default judgment on July 23, 2014.  ECF No. 15.  However,
     because that motion failed to address the applicable legal standards, it was denied without

28   prejudice to renewal.   ECF No. 19.

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  A party's default conclusively establishes that party's liability, although it does not establish the amount of damages.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

III.   Discussion

A.   Appropriateness of the Entry of Default Judgment Under the Eitel Factors

1. Factor 1: Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Here, plaintiff would potentially face prejudice if the court did not enter a default judgment.  Absent entry of a default judgment, plaintiff would be unable to quiet title to the subject property, which has been encumbered by defendants' liens.

/////

/////

1         2.  <u>Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the</u>

2           <u>Sufficiency of the Complaint</u>

3       The merits of plaintiff's substantive claims and the sufficiency of the complaint should be

4 discussed together because of the relatedness of the two inquires.  The court must consider

5 whether the allegations in the complaint are sufficient to state a claim that supports the relief

6 sought.  *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.

7       California Code of Civil Procedure § 701.630 provides that "[i]f property is sold [through

8 a judicial foreclosure sale], the lien under which it is sold, any subordinate thereto, and any state

9 tax lien (as defined in Section 7162 of the Government Code) on the property are extinguished."

10 The intent of this statute is to protect the purchasers of such property.  *Little v. Community Bank*,

11 234 Cal.App.3d 355, 360 (2nd Dist. 1991).  "The purchase of property at an execution sale

12 acquires any interest of the judgment debtor in the property sold (1) that is held on the effective

13 date of the lien under which the property was sold or (2) that is acquired between such effective

14 date and the date of sale."  Cal. Civ. P. Code § 701.640.  Under California law, "liens that are

15 recorded first have priority over any later-recorded liens."  *DMC, Inc. v. Downey Savings & Loan*

16 *Assn.*, 99 Cal. App. 4th 190, 195-196 (4th Dist. 2002).

17       The complaint alleges that ICR obtained a judgment against Kenefick and recorded an

18 Abstract of Judgment on November 6, 2008.  ECF No. 1 ¶ 4.  ICR assigned its judgment against

19 Kenefick to plaintiff on March 28, 2011.  *Id*. ¶ 5.  The Sacramento County Sherriff conducted an

20 execution sale on November 9, 2011, and plaintiff was the highest bidder.  *Id*. ¶ 6.  The Sherriff

21 executed and delivered a Sheriff's deed of the subject property, which was recorded on November

22 15, 2011.  *Id*. ¶¶ 6-7.  At the time of the sale, California Franchise Tax Board had two liens on the

23 property, and Asset Acceptance, LLC had an Abstract of Judgment, which was recorded on

24 September 1, 2010, after plaintiff's lien was recorded.  *Id*. ¶ 7.

25       By purchasing the property at the execution sale, plaintiff acquired defendant Kenefick's

26 interest in the subject property.  Cal. Civ. P. Code § 701.640.  Pursuant to California Code of

27 Civil Procedure § 701.630, the execution sale extinguished plaintiff's lien, any subordinate liens,

28 /////

1  including Asset Acceptance, LLC's lien, and the state's tax liens.  Accordingly, factors two and

2  three weigh in favor of default judgment.

3          3.  Factor Four: The Sum of Money at Stake in the Action

4          Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at

5  stake in relation to the seriousness of Defendant's conduct."  *PepsiCo, Inc.*, 238 F. Supp. 2d at

6  1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal.

7  2003).

8          Plaintiff argues that this factor weighs in favor of default judgment because it does not

9  seek monetary damages.  ECF No. 20-1.  Plaintiff, however, seeks to extinguish liens against the

10  subject property.  If plaintiff is granted the relief sought, State of California Franchise Tax Board

11  and Asset Acceptance would no longer have liens on the subject property and may lose their

12  ability to recover money owed to them.  Accordingly, the court cannot agree that there is no

13  money at stake in this action.

14          At the August 20 hearing, plaintiff represented that State of California Franchise Tax

15  Board's two liens were both less than $20,000, and Asset Acceptance's lien was also less than

16  $20,000.  Although this sum is not great, the complaint does not allege that any of the defendants

17  engaged in wrongful conduct.  Accordingly, this factor weighs against default judgment.

18          4.  Factor Five: The Possibility of a Dispute Concerning Material Facts

19          The court may assume the truth of well-pleaded facts in the complaint (except as to

20  damages) following the clerk's entry of default.  *See, e.g., Elektra Entm't Group Inc. v. Crawford*,

21  226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are

22  taken as true after the court clerk enters default judgment, there is no likelihood that any genuine

23  issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*,

24  238 F. Supp. 2d at 1177.

25          Accepting the allegations as true, there is no likelihood that any genuine issue of material

26  fact exists.  Therefore, this factor weighs in favor of default judgment.

27  /////

28  /////

6

1               5.  <u>Factor Six: Whether the Default Was Due to Excusable Neglect</u>

2          The record contains no indication that the defaults of Kenefick, Asset Acceptance, LLC,

3  and the California Franchise Tax Board were the result of excusable neglect.  The docket

4  indicates that the California Franchise Tax Board and Asset Acceptance, LLC were both

5  personally served.  ECF Nos. 6, 9.  As for defendant Kenefick, he waived formal service and

6  acknowledged receipt of a copy of the complaint.  ECF No. 10.  Notwithstanding the service of

7  process as to each, these defendants have not appeared in this action.

8               6.  <u>Factor Seven: The Strong Policy Favoring Decisions on the Merits</u>

9          "Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782

10  F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

11  alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

12  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.

13  Supp. 2d 1039, 1061 (N.D. Cal. 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at

14  *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal.

15  June 26, 2009).  Accordingly, this factor should not preclude entry of default judgment.

16          Upon consideration of the *Eitel* factors, the court concludes that plaintiff is entitled to a

17  judgment by default against George Kenefick, Asset Acceptance, LLC, and State of California

18  Franchise Tax Board and recommends the same.  However, at the time of the hearing on this

19  motion, entry of a judgment was premature.  As noted by the court at the hearing, under Rule

20  54(b) judgment may not be entered as to fewer than all the parties and all of the claims unless

21  plaintiff satisfies the requirements for a narrow exception under that rule.   The United States has

22  filed an answer and counterclaim, and the respective claims as to it currently remain before the

23  court.  Further, plaintiff has made not made any showing that the exception in Rule 54(b) is

24  satisfied here.  Plaintiff's counsel represented at the hearing on the motion for default judgment

25  that a settlement was near as to the United States.  Accordingly, counsel was instructed to file

26  dispositional documents as those claims and that the court would enter proposed findings and a

27  recommendation that the motion for default judgment be granted.

28  /////

1    Plaintiff and the United States have filed a stipulation and proposed order, which reflects

2    that these parties have entered into a stipulation to resolve their claims against each other.  ECF

3    No. 22.  Accordingly, Rule 54(b) is no longer an impediment to the entry of a judgment.  The

4    stipulation requests that judgment be entered in favor of the United States and against plaintiff.

5    ECF No. 22-1.  In light of this stipulation, it is recommended that default judgment be entered

6    against George Kenefick, Asset Acceptance, LLC, and State of California Franchise Tax Board

7    upon any order approving the United States and plaintiff's stipulation.  *See* Fed. R. Civ. P. 54(b).

8    IV.    Conclusion

9          For the reasons stated above, it is hereby RECOMMENDED that:

10         1.  Plaintiff's application for default judgment, ECF No. 20, be granted;

11         2.  The court enter judgment against defendant George Kenefick, Asset Acceptance, LLC,

12   and State of California Franchise Tax Board upon any order approving the United States and

13   plaintiff's August 21, 2014 stipulation.

14         These findings and recommendations are submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16   after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

19   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

20   *Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

21   DATED:  October 14, 2014.

22

23                          EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

8